Chief Judge Gregory, and may it please the Court, Mr. Lamar Lee was sentenced in June of 2013 to serve 188 months in prison based upon the career offender guideline. We know, as the Supreme Court stated in Molina-Martinez v. United States, that the sentencing guidelines provide an anchor for the sentencing determination, that they serve as the starting point for the calculation of the sentence and the essential framework for the sentence. Their systematic function, according to the Court, is to play a central role and have a real and pervasive effect on the sentence that is imposed. And that is certainly true with even greater force in the context of the career offender guideline. The Congress specified in 28 U.S.C. 994H that an individual who falls within the career offender guideline should be sentenced at or near the statutory maximum. What was the claim made in the 2255 motion? The claim was that Mr. Lee was a career offender. I thought the claim was that his counsel was deficient. That is the legal vehicle by which he sought to... That's what I want to know, what the claim is. The claim is the factual circumstance that he was improperly classified as a career offender based upon his predicate offenses. And so on page 69... Hold it. Let's stick with this. I don't want you to duck it because it seemed to me That is the legal argument by which he sought to present his basic claim. Okay, so his claim was understricted, right? His legal argument was that... Why are you ducking my question? I mean, it's not a legal argument. It's the nature of his claim. Well, we're talking about the definition of a claim. And so I think, Judge Niemeyer, what you're suggesting is the same argument presented by Justice Thomas in his 2255, which was filed many, many months, if not a year, before Johnson was actually issued. There are a category of petitioners, of movements like Mr. Lee, who were sentenced as career offenders or armed career criminals. And they filed petitions challenging that status. Mr. Lee is in very similar... I'm trying to get at something totally different. I'm trying to get at the notion that we do have claims. That's the word used in the statute. And that he has a claim that you're arguing right now, and he's filed an application in which is pending in the district court, right? That's correct. And the claim that he made that's before us is inadequacy of representation and description. And the question I raised then is, we have never held, not only the Supreme Court's ever held, that counsel had to anticipate Johnson so that the performance of counsel would not be insufficient for failing to anticipate that. Now, there is a claim, a second claim that you can file and did file right now. But I'm wondering why this one doesn't, this particular claim doesn't fall on that basis alone. Judge Niemeyer, I'm not trying to evade your question. We are disagreeing about the definition of a claim that turns on the set of facts that give rise to the legal remedy, not the specific legal vehicle by which you assert that you have relief. I understand your argument. Can you tell me just sort of practically speaking why it matters in this context? I mean, is there a practical reason that it wouldn't make a lot more sense for us right now to claim and let the separate 2255 successive petition be the vehicle for dealing with the Johnson claim, given that at that point, we would have the Supreme Court's guidance and beckons? Let me be clear. Mr. Lee can pursue one or the other. He can either pursue his claim, his challenge to his career of better status here or in the second petition. And I'm asking why isn't that one better because we will have the benefit of that? Well, we would ask this court to hold its ruling in this case pending the decision. We think that makes sense in this posture, but wait for that. That's right. And the reason is because the claim here is essentially the same one that is made in the second and successive petition. And that is that he is improperly challenged to the residual clause in his petition. The first time that he raised it was in his request to the 11th Circuit for certificate of appealability, just like Mr. Lee. But why do you care whether we raise it, whether we deal with it in this proceeding after Beckles comes down or whether it gets done in this separate? And what I'm really driving at, is there some separate habeas wrinkle that will face Mr. Lee if we do this, if the issue comes up on the successive petition? Judge Harris, there could be. There are restrictions on the pursuit of a second and successive petition, even if, as this Court has done, it allows the defendant to file a second petition in the district court. The district court independently can review whether it satisfies the first 2255. And at bottom, what we are saying is that Mr. Lee's claim is very similar to that of Mr. Welch, of Mr. Beckles, who didn't raise a challenge to the residual clause, of Mr. Mays, who we've submitted in a 28J letter, a decision out of the 11th Circuit. All of these cases relate to a small class of defendants who were, they claim, improperly classified as career offenders or armed career criminals. And what the Court has said, what Welch stands for, is that in that circumstance, when a decision from the Supreme Court dramatically affects the validity of that claim, the validity of Mr. Welch's claim that he is not properly an armed career criminal, then not only can the appellate court review the merits of that claim, it should. In Welch, the Supreme Court reversed the 11th Circuit's decision, in fact, that Mr. Welch's petition did not challenge the residual clause, notwithstanding the fact that he didn't raise that argument in the district court. What we have here is the basic claim, just as in other cases. Except in this case, which is a little different, he did explicitly raise ineffective assistance of counsel. That was the nature of his claim. It says, ineffective assistance of counsel based on trial counsel's failure to challenge petitioner's career offender status under the modified categorical approach because the prior convictions used were based on divisible state statutes. That was his habeas claim, or 2255 claim. And you have a second claim now based on Johnson, which we have a lot of cases in that category. And we do have an issue in this case, which I want you to address at some point, is whether the force clause is implicated under your substantive argument. And I will do that. First, with respect to ineffective assistance of counsel, that is very similar, and I would suggest no different from the petitioners in the Shipp case and the Ragland case, who characterized their underlying claim of illegality using the vehicle of ineffective assistance. It's not a vehicle. It's a claim. We disagree about that. A claim is ineffective. That's what he says his claim is, ineffective assistance of counsel. I don't know why you duck that. I know why you're ducking it, but it's not responsive to my question and it's not fair to the record. Well, I'm not trying to duck it, Judge Niemeyer. I'm suggesting that what the definition of claim is the set of facts that give rise to a legal appendix is that he was improperly classified as a career offender based upon his predicate offenses, one of which we argue does not clearly, categorically, fall within the definition of the force clause or the elements clause, as we call it. Now, the part of your question that you started with is, does it matter that Mr. Lee couched this in the nature of an ineffective assistance claim rather than Mr. Welch, who didn't have the facilities or the understanding of habeas law to actually assert a cognizable claim on collateral review, or Mr. Beckles, who simply said in 2010 in his habeas petition, I shouldn't have been classified as a career offender because of beguet and because his prior conviction didn't fall within those definitions. Mr. Lee knew a little bit more and sought to present a cognizable claim, but as Welch establishes, when the underlying claim is affected by a Supreme Court decision of the transformative nature that it is and it directly affects the validity of that claim and is a cognizable claim on its own, this Court should address it. Assuming all of that is right, we would address it under plain error review? I don't think so. Okay, why not? Because Frady, the Supreme Court's decision in Frady specifically says that plain error doesn't apply on collateral review. When the Court is determining whether a defendant, a prisoner, can raise a claim but has procedurally defaulted that claim, that is, they haven't raised it on direct appeal or below, the standard is cause and prejudice. It is not plain error. And we also know from Reed v. Ross that cause is presented when the argument is based upon a Supreme Court decision that sweeps aside fire-binding Supreme Court law, and that is what happened here. The second condition under Reed v. Ross is that if the claim was foreclosed by the universal opinion of the Court of Appeals, that is also something that the petitioner had a reason not to raise before. That is also a justification for cause, and that also applies here. And with prejudice, we know from Melina Martinez that an error in the calculation of the guidelines is sufficient to establish a reasonable probability that his claim would result in a different result were he to have a re-sentence. And so cause and prejudice is the standard by which we evaluate procedural default in this context. Now, Judge Nemar asked about whether his prior conviction actually falls within the force clause. Let me start by saying that the elements are the sole focus of this inquiry under the categorical approach. And here, the statute, which is the provision that he was convicted of, unlawful bodily injury in violation of Virginia Code 18.2-51, it prohibits any bodily hurt whatsoever caused by any means. As Judge Ellis noted in his opinion, in the district court opinion, United States v. Lopez-Reyes, the Virginia courts have not put any limitations on the means by which the offense may be committed. And as this court has said in numerous opinions, including U.S. v. Torres-Miguel and U.S. v. Gomez, Gomez, a decision that the government doesn't respond to in its pleadings, it says that bodily injury can be caused by means that do not require force. And so the fact that Johnson in 2010 may have said that the force must be sufficient to cause bodily injury, as this court said in Torres-Miguel, that doesn't mean, or it is a logical fallacy to say, that statutes that require bodily injury therefore necessarily must require force. That is not the case. In a case where the underlying offense can be caused, how do you cause bodily injury without force? Through trickery, through omission? Give me a trickery, where the bodily injury is created. I mean, shooting a gun, you pull the trigger, and that's not a force. I mean, the Supreme Court pointed out. But the bullet causes the injury. Well, and you can put into motion something that hurts the body. It seems to me inherently the injury requires force. One example of trickery is if I have care of my elderly mother and I would prefer to have her insurance benefits, here, please take this necessary medicine. It turns out it's sugar pills instead of the necessary medicine. There are, obviously, the court in Torres-Miguel outlined in numerous ways, omission is one clear way by which the offense can be established. We're talking about establishing a crime here that is enormously broad and can result in bodily injury by any means. And as Judge Ellis says, if you are limiting that definition, as no Virginia court does, to the use of force, then you are omitting the statutory language of by any means. In the case of putting a child in a hot car and leaving them there, that is a way that you can cause bodily injury through leaving them in the hot car. It is not the same thing as using significant physical force. This court has been clear on that issue in numerous opinions. And I know there is disagreement elsewhere. But those decisions should resolve that question here. This underlying predicate is so broad that categorically it does not qualify as a criminal violence. And therefore, Mr. Lee's classification as a career offender below was wrong. And he should have the opportunity. He advocated below for the modified categorical approach, didn't he? He did. And I don't think. What happens under that analysis? The same thing. If you look at the charging document, he was charged with unlawful causing of bodily injury, which I concede. The charging document said that he had cut someone and caused a wound. There might be a different case. But that's not the case here. The Shepherd documents that were presented below show that he was charged under the most broad and capacious aspect of the statute, which is causing bodily injury by any means. But the plea agreement says wounding, right? Unlawful wounding. So the Shepherd documents kind of point in different directions. Is that where you are? I wouldn't say they point in different directions. The statute, if you look in the Virginia Code, it is colloquially called as unlawful wounding. That is the listed title of the offense. But this is about elements, not the title of the offense. And so when we look at the elements, which is the determinative inquiry for purposes of the categorical approach, we find that this statute can result in bodily injury by the imposition of a bruise that is sufficient. And, you know, this is a relatively modest point, but there is one case, lower court case, that's cited in Johnson 2010. It's called Flores v. Ashcroft, the Seventh Circuit decision by Judge Easterbrook. And he says that essentially the division, the dividing line between a crime of violence and something that is not quite a crime of violence is a qualitative distinction. But what he says is the causing of a bruise by a squeeze, that is not something. That is more on the offensive touch side of the equation than the violent felony side of the equation. And that is something that is perfectly permitted under this statute. That is, with the requisite intent, if you cause a bruise, that is sufficient to violate the statute. There should be no real question about whether this predicate constitutes a crime of violence. It does not. Your Honors, we would ask this court to hold this case pending the decision in Beckles. And if Mr. Beckles prevails, then we ask the court to vacate the decision below and remand for re-sentencing. Thank you, Mr. Cameron. Mr. Cook. May it please the court. This court should decide the defendant's ineffective assistance claim now and leave for the district court to decide his Beckles claims after the Supreme Court rules. That will provide the clearest and most efficient way to deal with the claims in this case. Can I ask you just, usually successive habeas petitions are not the clearest and most direct way to deal with the claim. So can you assure me that if we leave this for that other vehicle, you're not going to be back here telling me, oh, you know, it's too late or it wasn't timely or they didn't have permission. Are we clear that there will be no sort of sudden procedural wrinkles if we wait for that other petition? Because I'm very concerned about that. Right. Well, as to the, I mean, I can go through a number of different doctrines. There's the time bar. He's got the petition already filed. There is the question of, has the Supreme Court itself extended Johnson to the guidelines? And that is an issue that the Supreme Court presumably will speak to in Beckles. There's also the question of whether such a ruling would be retroactive. And the Supreme Court will speak to that. The key limitations in a successive 2255 require Supreme Court precedent. And because there is a case before the Supreme Court, that should presumably check those boxes. Now, having said that, I can't, I don't know what the Supreme Court's going to do. And they may, for reasons unknown to me, fail to decide something. And so that would present issues. So, you know. Those would be the same issues as if we held this case. I think that's true. Yes. There's nothing unique to this particular successive petition that would create any procedural problems with reaching the issue as far as you can tell. There's no timing question about when. He's got to file a successive petition. So he obtained authorization. And the Supreme Court's opinion will in some ways bear on statute of limitations issues because one view is that Johnson already validated the guidelines and also was a retroactive decision. If you take that view, then the statute of limitations ran this past June. If you think there's an extension going on, which is the government's view, then in fact under 2255X3, the statute of limitations might not have even started under that subsection yet. And so that would actually favor defendants. So there are those issues. But there are also issues about, Your Honor was raising the point about the shepherd documents in this case. You have a plea that refers to wounding. And then you have the charging instrument. Those issues have not been sorted out in the district court because we started with an ineffective assistance claim. The government attached the documents to its response. And those are issues that can be addressed by the district court. There's also a potential harmlessness issue here. The district judge thinks that regardless of how the guidelines are calculated, that she would impose the same sentence. There's a lot of complicated litigation going on in this case that's not going to ultimately affect anything. And the district judge is well positioned to address that kind of question. This is a case with facts that are not very good for the defendant. So that's entirely possible. Can we just send this case back to the district court and say, look, you didn't have the benefit of Johnson. There's all these procedural questions. You do it. I don't think that that is appropriate. One, there is an authorized successive petition. And two is under this court's case in Pettiford, the defendant started with an ineffective assistance claim. And he shouldn't be permitted to expand it at this point. We granted that COA, right, that said implicit in this. We're going to take on this retroactivity of Johnson question, right? Haven't we kind of already crossed that bridge when we issued the COA? Well, I honestly am not sure what to make of the COA. But we have said the government's position is that that shouldn't, that he shouldn't be permitted to expand it. This is our opportunity to weigh in on that. We've noted this court's precedent in Pettiford. And the Supreme Court's opinion in Ryan v. Gonzalez says, look, these COA breadth issues are not jurisdictional. And so the government can weigh them. And the government has not been asserting them, for example, in Welch, because it was important to get decisions on a bunch of these issues before the one-year limitations period ran. And, naturally, the scope of the ability of the defendant to raise additional issues on the 2255 appeal was not addressed by the majority of the Supreme Court because it was not raised. And so, naturally, they had no reason to discuss it. And, yes, Justice Thomas said in dissent that it shouldn't have been expanded in the way that it was. But the government never pressed that argument. And the Supreme Court's precedent in Ryan v. Gonzalez makes that entirely weighable. And the rest of the court, I think, appropriately concluded that it was best to get these issues decided, which is why they proceeded that way. But that is not indirectly overruling the substantial authority like McDaniel v. Brown's Supreme Court case from 2010 that rejected expanding the defendant's claims on appeal that had not been raised below. And this court in Pettigrew relied on that. I don't think the Supreme Court would create such a dramatic expansion in appellate review of habeas petitions through silence. And that's essentially what the defendant is saying here. He says, Frady says that we don't have plain error review in a 2255. But Frady says that once you get to 2255, it's a higher standard than plain error. It would be strange to use the example from this court's ruling on bond ruling in Brown where defendant didn't raise a Johnson challenge to a 924C in the district court. Then he appeals. And the court appropriately says, look, there's a circuit split about the constitutionality of these other residual clauses, like 16B and 924C, 3B. So we're not going to decide it on plain error. Defendant moved to this case. Defendant is in that same position. Hasn't raised it in his direct appeal or in the district court. He then appears in the district court. Again, doesn't make it. And then raises it in the court of appeals for the first time. And the defense view is now there is no limitation on reviewing such a claim. And that just really makes the entire system kind of stands it on its head, where you've got these screens on district court to direct appeal, 2255 to appeal of 2255. And now he's saying, well, actually, I can just bring up for the first time new claims in the 2255 appeal. And it then puts the court in a position of having to deal with questions like there's no briefing in the district court. There's no briefing on procedural default. There's no briefing on extended briefing on whether the elements clause of the career offender guideline was satisfied here. What do you make of these shepherd documents that seem to be somewhat in tension? All of those are being now considered by this court in the first instance on appeal, which puts this court in a very difficult position. And that's why having here an authorized successive petition, the defendant is going to suffer no prejudice. And the briefing can start in the district court with the benefit of beckles and proceed in a very orderly fashion and resolve the issues in a way that is the most efficient use of the court's resources as well. So even if there were authority or discretion to expand COA to take on more than the ineffective assistance claim at this stage. We wouldn't have to expand the COA, right? The COA already says we're taking on this retroactivity question, but you think we probably shouldn't have said that. I think that's right. You want us to kind of take it back. In the governance brief, we know that there is authority to say that a COA has been improperly granted. And here, I mean, here the COA does refer to an effective assistance of counsel. And so it seems appropriate to address that. I would think that we could handle it in even a more beneficent way by simply saying we have considered that and there is a defense to that, that that wasn't preserved below, and that we have a successful petition pending below, and that's the more efficient way to go. And that takes care of the COA. It's been briefed, and you've given your response to that briefing, and you're saying we shouldn't be considering it as part of the consideration of the issue. Now, it could be argued that may not be totally fair because we invite the substance of the argument. But it also doesn't prevent offenses to the argument. I think the court could proceed that way, too. I mean, ultimately, why I think holding pending beckles and trying to expand this appeal to a straight claim under beckles is a bad idea. It's really twofold. One is there's a formal position that we have under Pettiford and McDaniel v. Brown that shouldn't happen. But then there's just the practical one of after beckles is decided, there's probably going to be, unless the government wins outright in that case, either on the grounds that Johnson doesn't invalidate the guidelines. I mean, that's not the government's position on that one. Or just there is a team bar, then that would be essentially the end of this case. But if there is some further wrinkle from the opinion, then it's probably easier for the district court to start a briefing on that. This court could take briefing on it. But it just, again, because of the variety of background issues that are starting on the appeal, I think it's easier just to have the district court begin with that. Just as a practical matter, I am very strongly inclined to agree with you that the district court should do all of this the first time through. For me, the question is whether we hold this case pending beckles, and then if the government loses on the retroactivity argument in beckles, we then send it down to the district court so that, one way or another, the district court will probably have to do this. And just the question is what's the right vehicle, this case or this other piece of the 22 successive petition? Do you think the successive petition is clean enough to reach the issue on that one? Right, yes. I mean, this court has authorized a successive petition. So that bridge has been crossed. And it's been filed. It's in the district court. And we don't have a time bar objection for that. Thank you. If the court doesn't have any other questions, I mean, there are obviously issues here of great complexity. And there is much to discuss. But I think if this whole subject area gets more complex every year. I'm afraid it does. Thank you, Your Honors. If you have no further questions. Thank you. Thank you. Damon? Just four brief points. First, with respect to the government's argument that this case is deficient in terms of the amount of briefing that the district court would have to consider this issue in the first instance. This is a topic, as you know, where much ink has been spilled since Mr. Lee filed his initial petition. It is not a case in which the arguments have not been fleshed out either in the briefing before this court or in the opinions by other courts. The second and successive petition was filed by us out of an abundance of caution because the government was arguing forfeiture in this case. Not because we agree with the government's argument. Again, if the government were correct, then Welch would have come out the other way. Beckles will not decide the issue. Mays would have come out the other way. So would Schitt and Ragland. And this is not a case in which, as the government says, the Supreme Court expanded the jurisdiction, the habeas jurisdiction of this court without saying so. Let me ask you, this is a practical matter. We're an appellate court, and our role substantially is to review what a district court has done and have the benefit of the district court's reasoning analysis. Once Beckles comes out, wouldn't it be better for us to have a district court opinion determining how it applies to this case and the other issues that could be raised? It seems to me there's no barrier to you, and we get an enormous benefit to have the district court look at it first and then review whether it made a mistake or not. I don't think there's a benefit from that, given that the issues here are strictly issues of law. The only question is, as we've presented, did Mr. Lee, was he properly classified as a career offender? And that turns on whether Johnson applies to the guidelines, which the Supreme Court will decide, we expect, whether the guidelines are susceptible to vagueness challenges, they'll decide that, we expect, and whether the underlying predicate offense constitutes categorically a crime of violence. That is an issue of law. Except it could decide anywhere in between. The court has a lot of range in what it can do under Beckles. And that's absolutely the case, which means that the second or successive petition may be affected by what the Supreme Court does. And so if they do not decide any number of questions, the second or successive petition may be subject to dismissal, because the Supreme Court has not expressly provided any answer on the questions that predicate. But that doesn't change up here. In other words, we would presumably, if we're all writing on the same page and looking at the same wall, we'd end up in the same spot. But we would have the benefit of an analysis and any other interpretations of this record that may be necessary depending on how things go. I just see the benefits to you and to the government and to us. It seems to me so much more efficient than for us to stretch this appeal in a fashion where we now, in the first instance, have to start looking at all these issues against a record which has not been reviewed by the district court. It may or may not be necessary. That's your argument. It's just a pure question of law. But I'm not sure it's that simple. And I must say it's much more efficient if each of the courts plays its own role in the process. May I respond? You may. We would suggest that the claim is properly before this court and Mr. Lee is not properly classified as a career offender. We would also suggest that given that the case is before this court, fully brief that once the decision in that case comes out, that this court should decide the merits of Mr. Lee's case now. Thank you. Thank you.
judges: Roger L. Gregory, Paul V. Niemeyer, Pamela A. Harris